C. H. CRABTREE, Appellant v. A. L. STEELE, and thirty other defendants, Appellees.

Conspiracy: PLEADINGS: STRIKING FROM THE FILES. Where the petition in an action for conspiracy is an evident attempt to villify defendant by alleging irrelevent, impertinent and scandalous matter concerning alleged injuries inflicted at different times and different places, which could not possibly be the result of any concerted action, the court is justified in striking the pleading from the files with leave to file an amended and substituted petition, omitting therefrom all allegations of evidence.

*Appeal from Polk District Court.*— HON. W. H. McHENRY, Judge.

THURSDAY, MARCH 19, 1908.

PLAINTIFF filed a petition against defendants, asking damages in the sum of $1,000,000 due to an alleged conspiracy entered into among them. Some of the defendants filed motions to strike parts or all of the allegations of the petition, others demurred, and still others filed answers thereto. The trial court sustained some of the motions and demurrers, and finally entered an order that the petition be stricken, with leave to plaintiff to file an amended and substituted petition within ten days, omitting therefrom all allegations of evidence, and not to again incumber the records with such a monstrosity as the original petition. Plaintiff appeals.— *Affirmed.*

*Warren, Walker* and *C. J. Gallagher,* for appellant.

*A. L. Steele, John Newburn, J. C. Dooley, A. M. Miller, Carr, Hewitt, Parker & Wright, Bowen, Brockett & Weldy,, J. D. Wallingford,* and *J. L. Gillispie,* for appellees.

DEEMER, J.— In a so-called petition filling thirty-four

pages of a printed abstract plaintiff charged the defendants with a conspiracy to deprive him of his liberty and property. It is full of scandalous, irrelevant, sham and redundant matter, sets forth clippings from newspapers, various violations of trust and infractions of the criminal statutes, and conclusions of law relevant and-irrelevant to the supposed cause of action. Defendant Newburn moved to strike the petition for various reasons, and for a more specific statement as to him. Defendant McKay moved to strike certain parts of the petition. Defendant Carr moved to strike and for a more specific statement. Defendant Nagle demurred to the petition. Defendant McCaughan moved to strike the entire petition and various parts thereof, and for a more specific statement. Defendant Egbert demurred, and defendants Miller and Bannister moved to strike the entire petition and various parts thereof, and for a more specific statement. Defendant Dooley answered, as also did defendant Miller. Plaintiff asked for a default against Steele, and this was denied.

The case was submitted to the trial court, which made the following order: " The petition in this case consists of about thirty-six pages of typewritten matter, and is in the beginning an allegation in general terms of a ' conspiracy among defendants, having for its object the deprivation of the plaintiff of liberty, the pursuant of all vocations and avocations, and even life itself, the main point of said conspiracy being aimed at plaintiff's holdings in an official connection with a Gladiator Consolidated Gold Mines & Milling Company.' Following these general allegations, the plaintiff recites what he says is the history of said conspiracy. He sets forth at most astounding length a narration of his troubles with various persons, attempting to show by the allegations numerous alleged wrongs that were inflicted upon him by the defendants. Among these allegations are copies of affidavits, and copies of articles in newspapers, one from Davenport, Iowa, and articles from the Des Moines Register and Leader, the

News, and the Capital, and from the Black Hills Miner, and a magazine from Cleveland, Ohio. Plaintiff also attacks numerous lawyers that have been in his employ, alleging that they joined the conspiracy to ruin and defraud him out of his property, alleging the death of his daughter to be due to the misdeeds of said conspiracy, and the said separate allegations having the widest possible range, and the transactions set forth being entirely disconnected, and having no relation to each other, and concludes with a prayer for damages in the sum of $1,000,000. To this petition numerous motions have been filed for more specific statements, and some have demurred, and some have filed motions to strike, and many other motions to strike and for more specific statements are correspondingly of as great length as the petition itself. Having carefully read the said petition, motions and demurrers, this court is of the opinion that the bulk of said petition is a confused mass of allegations which bear no relation to each other. They are impertinent and irrelevant, scandalous in their nature, and the whole petition bears upon its face evidence that it was intended to villify and abuse the defendants, rather than a lawyer-like effort to set forth a legitimate cause of action. The whole petition seems to be an attempt to get revenge upon a number of persons, all in one action, for alleged injuries inflicted at different times and at different places, and of such a character that they could not possibly be the result of any concerted action between the several defendants. And the court is of the opinion that a detailed consideration and determination upon all the points raised by the various motions would be utter waste of time, and could not possibly serve any good purpose. This court is of the opinion that the allegations of the plaintiff's petition are not sufficient to constitute an issuable allegation of conspiracy, that the allegations of fact in said petition do not show a conspiracy, and that the general allegation of the legal conclusions of a conspiracy is insufficient. It is therefore ordered by the court that the demurrer of the defendant

Nagle be, and the same is hereby, sustained; that the motion of defendant Newburn to strike is sustained on the ground that the allegations of the petition are impertinent, irrelevant, immaterial, and do not state a cause of action; also because there is a misjoinder of parties; also because there is a misjoinder of causes of action — and the order will be upon all the records in this case that the petition be stricken from the files with leave to the plaintiff to file an amended and substituted petition in this court within ten days. And in the filing of the said petition this plaintiff is admonished by the court to omit therefrom all the allegations of evidence, and plead the ultimate facts, and to not again incumber the records of this court with such a monstrosity as the original petition in this case."

This order had ample justification, and should not be disturbed. No cause of action was stated against defendant Nagle, who demurred to the petition, and there was no error in the ruling on the motions. The petition as a whole is a jumbled and confused mass of sham and scandalous matter, evidently intended to abuse and villify the various defendants and to secure revenge for some fancied and imaginary wrongs. No lawyer who has a proper conception of his duties would have filed such a document, and no court should be compelled to read or listen to such an abusive and outrageous pleading. Were it not signed by men who are nominally at least lawyers, we should hesitate to believe that it could have emanated from a member of the honorable profession of the law. No court should be compelled to wade through such a paper to see whether or not somewhere in or between the lines a cause of action of some kind is stated against some of the defendants. Even upon its own motion the trial court had the inherent power to strike such a paper from the files, and to order the substitution of a new pleading, omitting all scandalous and irrelevant matter. In this case the order was in response to motions duly filed, and, as plaintiff did not attempt to comply therewith, he has no cause

for complaint.    Discussion of the matter would do no more than dignify it, and it is better that we say no more.    It is to be hoped, however, that the performance will never again be repeated in the courts of this State.

There is no error in the rulings of the trial court, and they are each and all *affirmed*.

LADD, C. J., concurs in the result.